IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GARY R. THOMPSON,                )
                                 )
        Petitioner/Plaintiff,    )
                                 )
                                 )    CIV-11-305-F
v.                               )
                                 )
JUSTIN JONES, Director, et al.,  )
                                 )
        Respondents/Defendants.  )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed this cause of action on March 17, 2011. In his Amended Petition for Writ of Habeas Corpus[1] filed March 30, 2011, Petitioner alleges in count one that he was denied due process in institutional disciplinary proceedings conducted at the Oklahoma State Penitentiary ("OSP"). Petitioner alleges in count two that Ex Post Facto Clause was violated by the actions of the Oklahoma Pardon and Parole Board with respect to a parole decision in December 2007 and the setting of a parole reconsideration date in December 2010. Petitioner also alleges in count two that the

---

[1]Petitioner filed an initial Petition on March 17, 2011, that was the subject of a Report and Recommendation entered on March 24, 2011. This Report and Recommendation was stricken as moot in light of the filing of the Amended Petition and the matter was re-referred to the undersigned. However, upon review by the undersigned, the Amended Petition is identical to the initial Petition other than the date of execution.

conditions of his confinement in a restrictive housing unit at OSP "are atypical and significant hardships in relation to the ordinary incidents of prison life" in violation of his constitutional rights. In his third ground for relief, Petitioner asserts that his constitutionally-protected right of access to the courts and "to petition the government for redress of grievances" has been violated, and Petitioner also alleges that his "placement in restrictive housing indefinitely at O.S.P. following [his] attempts to file prison administrative grievance necessarily" constituted unconstitutional retaliatory action in violation of his First Amendment rights.

As relief, Petitioner states that he is seeking declaratory relief in the form of an order declaring that the duration and conditions of his confinement at OSP are "atypical to the ordinary incidents of prison life," that his misconduct convictions violated his rights under state law, equal protection, and due process guarantees, and that his transfer to OSP in 2005 violated his First Amendment rights. Petitioner states that he is also seeking prospective injunctive relief in the form of an order expunging "all misconduct convictions imposed following invalid disciplinary hearing before single person disciplinary hearing officer," expunging his "invalid misconduct conviction imposed February 23, 2010," and reinstating his medium security status. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be summarily denied to the extent Petitioner seeks relief under 28 U.S.C. § 2241 and dismissed without prejudice to the extent Petitioner seeks relief under 42 U.S.C. § 1983.

I. Life Sentence and Misconduct Convictions

In count one of the Petition, Petitioner contends that he was denied due process in misconduct proceedings in which he was found guilty of the Class X misconduct, "possession of a cell phone." In his background "Declaration," Petitioner admits he has been found guilty of this misconduct offense on two occasions, once in 2009 and again in March 2010. Petitioner alleges that he was denied due process with respect to these misconduct convictions.

The Due Process Clause of the Fourteenth Amendment guarantees certain procedural safeguards before a State may deprive an individual of his or her "life, liberty, or property." U.S.Const. amend. XIV; Wolff v. McDonnell, 418 U.S. 539, 558 (1974). A procedural due process issue is analyzed in two steps. First, the inquiry "asks whether there exists a liberty or property interest which has been interfered with by the State," and secondly "examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989). Therefore, with respect to Petitioner's claims of due process deprivations in institutional disciplinary proceedings, Petitioner must establish that he had a constitutionally-protected interest as a threshold issue.

Protected liberty interests may be derived from the Due Process Clause itself or from state law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005)(citations omitted); Hewitt v. Helms, 459 U.S. 460, 466 (1983). Oklahoma has created a liberty interest in earned sentence credits. Okla. Stat. tit. 57, § 138 (A); Waldon v. Evans, 861 P.2d 311, 313 (Okla. Crim. App. 1993). Thus, Oklahoma inmates are generally entitled to minimum due process protections prior to

the revocation of their earned credits. However, Oklahoma law prohibits the application of earned credits to reduce a sentence of life imprisonment. Okla. Stat. tit. 57, § 138 (A) ("No deductions [by application of earned credits] shall be credited to any inmate serving a sentence of life imprisonment[.]").

As Petitioner acknowledges in his Petition, he is serving a sentence of life imprisonment for his conviction for first degree murder. See Thompson v. Ward 13 Fed. Appx. 782, 2001 WL 686617 (10th Cir. June 19, 2001)(unpublished op.)(affirming denial of habeas relief); Thompson v. Ward, 2007 WL 2694341 (W.D.Okla. Sept. 12, 2007)(unpublished op.). Because Petitioner is not entitled to the application of earned sentence credits to reduce his sentence of life imprisonment, he has no state-created liberty interest in earned credits.

The Supreme Court has recognized that "the Due Process Clause does not protect every change in the conditions of confinement having substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S 472, 478 (1995)(citing Meachum v. Fano, 427 U.S. 215, 225 (1976). Without more, the Due Process Clause "confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" Id. at 480 (quoting Hewitt, 459 U.S. at 468). Prison officials enjoy "broad administrative and discretionary authority over the institutions they manage" in light of the "extraordinarily difficult" management decisions required to operate a prison. Hewitt, 459 U.S. at 467. Hence, liberty interests for prisoners are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin,

4

515 U.S. at 484. Petitioner has not identified any disciplinary measures taken against him which would qualify under this high standard. Consequently, Petitioner cannot demonstrate a deprivation of a constitutionally-protected liberty interest, and his claims of due process deprivations arising from misconduct convictions imposed in institutional disciplinary proceedings are wholly without merit. See Gamble v. Evans, 165 Fed. Appx. 698, 2006 WL 293090 (10th Cir. Feb. 8, 2006)(unpublished op.)(Oklahoma inmate serving sentence of life imprisonment is not entitled to use earned credits for early release and therefore has no liberty interest in earned credits), cert. denied, 549 U.S. 877 (2006). Upon preliminary review of the sufficiency of the Petition under Rule 4, Rules Governing Section 2254 Cases in the United States District Courts,[2] Petitioner's claims of due process deprivations in connection with his misconduct convictions for "possession of a cell phone" should be summarily denied.

II. Parole

In ground two of the Petition, Petitioner contends that DOC officials, none of whom are named in the body of the Petition, violated Petitioner's rights under the Due Process Clause and the *Ex Post Facto* Clause by failing to reconsider him for parole on an annual basis after he was denied parole in December 2007 and by failing to allow him to personally appear before the Oklahoma Pardon and Parole Board in a parole reconsideration hearing in 2008, having determined that he is not subject to parole reconsideration until December

---

[2]Rule 4 is applied in the discretion of the undersigned pursuant to Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

2010.

In Oklahoma, an inmate who committed a violent crime prior to July 1, 1998, and has been denied parole, is eligible for reconsideration at least once every three years. Okla. Stat. tit. 57, § 332.7(A) and (D)(1). It is well established law that Petitioner does not have a liberty interest in parole created by Oklahoma's statutory parole scheme. Shirley v. Chestnut, 603 F.2d 805, 806-807 (10th Cir. 1979); Shabazz v. Keating, 977 P.2d 1089, 1093 (Okla. 1999). See Hunter v. Beck, 244 Fed. Appx. 848, 852, 2007 WL 1897127, * 2 (10th Cir. July 3, 2007)(unpublished op.)("Without an expectation of liberty created by [Oklahoma], no process is due and the [Oklahoma] Parole Board may choose to handle its recommendations to the governor . . . as it sees fit without violating due process."), cert. denied, 552 U.S. 1109 (2008). A challenge to Okla. Stat. tit. 57, § 332.7(D)(1) on *ex post facto* and due process grounds by an Oklahoma inmate was rejected by the Tenth Circuit Court of Appeals in Henderson v. Scott, 260 F.3d 1213, 1216-1217 (10th Cir. 2001), cert. denied, 535 U.S. 1063 (2002). In that case, the Tenth Circuit addressed the inmate's challenges to Oklahoma's parole statute on its face and as applied to him and determined that the Oklahoma statute did not violate constitutional guarantees. Thus, Petitioner's challenge to the statute on its face on *ex post facto* and due process grounds is foreclosed by the Henderson decision. In Henderson, the court held that Oklahoma's parole statute "does not facially increase the likelihood of punishment," "does not change the length of the sentence," and "does not affect the timing of the initial parole consideration, only of subsequent parole consideration dates," and "clearly reserves the Board's discretion to reconsider parole before the three-year period

has expired." Id. Moreover, as in Henderson, Petitioner has asserted "only remote speculation to suggest that the application of the amended statute . . . will increase his punishment," and "procedures are in place for the Parole Board, at its discretion, to consider his parole at any time" should Petitioner present the Board with evidence indicating he will be eligible for a parole recommendation before his reconsideration date. Id. at 1217. Because Petitioner has not shown that the Oklahoma parole statute, as amended, will effectively prolong his punishment either on the face of the statute or as applied to his circumstances, Petitioner's claims in ground two of the Petition of due process and *ex post facto* violations stemming from parole-related decisions should be summarily denied upon Rule 4 review.

III. Petitioner's Remaining 42 U.S.C. § 1983 Claims

Petitioner's remaining claims set forth in grounds two and three of his Petition seek relief under 42 U.S.C. § 1983 concerning classification decisions and transfers, the conditions of his confinement at OSP, access to courts, and alleged retaliatory actions taken against him. With respect to these claims, Petitioner must file a separate action under 42 U.S.C. § 1983[3] because habeas relief does not extend to challenges to the conditions of a prisoner's confinement. See Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(noting Supreme Court "has distinguished between habeas actions and those challenging conditions

---

[3]Petitioner is cautioned that any 42 U.S.C. § 1983 action concerng the conditions of his confinement must be preceded by exhaustion of all available administrative remedies. 42 U.S.C. §1997e. See Jones v. Bock, 549 U.S. 199, 204 (2007)("Key among [the reforms contained in the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e et seq.,] was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit.").

7

of confinement under 42 U.S.C. § 1983" and recognizing that "federal claims challenging the conditions of confinement generally do not arise under § 2241"), cert. denied, 531 U.S. 1083 (2001). Moreover, Petitioner has paid only the minimal $5.00 filing fee required of a litigant seeking habeas relief under 28 U.S.C. §§ 2241 or 2254. The filing fee for a 42 U.S.C. § 1983 civil action is much higher than the fee for filing a 28 U.S.C. § 2241 or § 2254 habeas action. For these reasons, Petitioner's remaining claims seeking § 1983 relief should be dismissed without prejudice to his filing of a new complaint setting forth a clear and plain statement of his 42 U.S.C. § 1983 claims. Petitioner is cautioned that with his new complaint, Petitioner will be required to submit the full $350.00 filing fee or submit an application to proceed *in forma pauperis* that complies with the requirements of 28 U.S.C. § 1915.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the claims in grounds one and two of the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED and that the claims in grounds two and three of the Petition pursuant to 42 U.S.C. § 1983 be DISMISSED WITHOUT PREJUDICE. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by __April 25th__ ,2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.

Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   5th   day of   April  , 2011.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE