# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY R. THOMPSON, | ) |
|     Petitioner/Plaintiff, | ) ) ) |
| -vs- | )    Case No. CIV-11-305-F ) |
| JUSTIN JONES, Director, et al., | ) ) |
|     Respondents/Defendants. | ) |

## ORDER

On April 5, 2011, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation, wherein he recommended that the amended petition for writ of habeas corpus be summarily denied to the extent petitioner seeks relief under 28 U.S.C. § 2241 and dismissed without prejudice to the extent petitioner seeks relief under 42 U.S.C. § 1983.

Presently before the court is petitioner's objection to the Report and Recommendation. The court has conducted a *de novo review* of the matter in accordance with the Report and Recommendation. Having done so, the court concurs with the recommendation of Magistrate Judge Purcell and accepts, adopts and affirms the Report and Recommendation.

The court notes that in his objection, petitioner specifically contends that he is not challenging his entitlement to earned sentence credits as suggested by Magistrate Judge Purcell. Rather, he argues that he is challenging the "wrong procedures" used to determine guilt in institutional disciplinary proceedings since he is unable to demonstrate his suitability for parole. However, even if petitioner is not challenging entitlement to earned credits, the court finds that petitioner is not entitled to relief to

the extent he seeks relief under 28 U.S.C. § 2241.[1] The court concludes under the reasoning of Sandin v. Connor, 515 U.S. 472, 487 (1995), that petitioner has no protected liberty interest and no right to due process in the challenged disciplinary proceedings. Although petitioner's prison misconduct is a relevant consideration for parole, 57 O.S. § 332.7(H), it is not the only consideration. As the misconduct will be one of a "myriad of considerations" in a parole suitability evaluation, it does not *inevitably* affect the duration of petitioner's sentence. Sandin, 515 U.S. at 487. And "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.*; *see also*, Hubler v. Lander, 2011 WL 550088 *1 (10th Cir. Feb. 16, 2011) (no liberty interest in sex offender subclassification because no showing that a change in subclassification would necessarily make prisoner ineligible for parole, even if it might be a factor for parole board to consider). Furthermore, although petitioner also raises an issue of his transfer, the court likewise finds that such transfer does not afford petitioner relief. *See*, Meachum v. Fano, 427 U.S. 215, 229 n. 8 (1976) (declining to afford relief on basis petitioner's transfer record might affect possibility of parole). Finally, in Oklahoma, eligibility for parole is discretionary. *See*, Shabazz v. Keating, 977 P.2d 1089, 1093 n. 12 (1999). Petitioner therefore has no liberty interest in parole and no liberty interest in participation in the parole process. *See*, Shirley v. Chestnut, 603 F.2d, 805 (10th Cir. 1979); *see also*, Velasco-Gutierrez v. Crossland, 732 F.2d 792, 798 (10th Cir. 1984); Maghe v. Koch, 107 F.3d 21, 1997 WL 76014 (10th Cir. Feb. 24, 1997).[2]

---

[1] To the extent petitioner is seeking relief under 42 U.S.C. § 1983, the court finds that the same should be dismissed without prejudice to petitioner filing a new complaint.

[2] Unpublished decisions cited as persuasive pursuant to 10th Cir. R. 32.1 (A).

2

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell (doc. no. 9) on April 5, 2011 is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. The Amended Petition for Writ of Habeas Corpus is summarily **DENIED** to the extent petitioner seeks relief under 28 U.S.C. § 2241 and **DISMISSED WITHOUT PREJUDICE** to the extent petitioner seeks relief under 42 U.S.C. § 1983.

DATED April 25, 2011.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

11-0305p002.wpd